## HARRIS TUTTLE v. M. H. WILSON.

[FILED APRIL 29, 1890.]

</div>

1. **Justice of the Peace:** DOCKET ENTRIES: CLERICAL MIS-
   TAKE NOT REVERSIBLE ERROR.    Where a justice of the peace
   ·in a case tried before him to a jury enters judgment on the ver-
   dict actually returned for the amount therein stated, it will not
   be reversed because of a clerical error in transcribing the verdict
   in his docket.

2. ——— : ——— : ———.    In a cause pending before a justice of
   the peace, by agreement of parties on May 18, the trial was con-
   tinued to May 25, and a jury was selected to appear on the
   latter date.    Without any further date being noted on the
   docket, the entry shows that the parties and jurors appeared,
   cause tried, verdict rendered, and judgment entered thereon.
   *Held*, Sufficient to show that the trial was had on the date to
   which the case was last adjourned.

ERROR to the district court for Red Willow county.    Tried
below before COCHRAN, J.

*J. N. Lucas*, for plaintiff in error, filed no brief.

*R. M. Snavely, contra*, cited : *Dye v. Russell*, 24 Neb.,
829–831, and cases; *Village of Ponca v. Crawford*, 18 Id.,
551 ; *Gibson v. Sullivan*, Id., 558; *Scovern v. State*, 6 Ohio

St., 288; *Reynolds v. Executors, etc.*, 5 Ohio, 171–2; *May v. State*, 14 Id., 467–8.

NORVAL, J.

The defendant in error brought suit before a justice of the peace on an itemized account, claiming that there was a balance due him thereon of $85.22. The defendant in that court, Harris Tuttle, filed a set-off amounting to $109.25. A trial was had to a jury and the following verdict was returned:

"We, the jury, duly impaneled and sworn in the above entitled cause, do find that there is due from the defendant to the plaintiff upon the cause of action set forth in his bill of particulars the sum of seventy-eight (dollars) and seventy-two cents, and we further find that there is due from the plaintiff to the defendant upon his set-off the sum of seventy dollars and seventy cents; we further find that there is due the plaintiff from the defendant a balance amounting to the sum of eight dollars and two cents, which we assess to the plaintiff as the amount of his recovery.

"ABRAM HAMMOND, *Foreman.*"

Judgment was thereupon rendered on the verdict in favor of the plaintiff for the sum of $8.02, and the defendant prosecuted a petition in error to the district court, assigning the following errors:

1. The record does not show the date of said trial or when said pretended judgment was rendered.

2. That the verdict is not sustained by the findings of fact.

3. That the judgment is not sustained by the findings of fact.

4. The court erred in pretending to correct the records of said case eight days after a transcript was ordered and then afterwards in changing his docket entry of said case to make it as originally recorded.

5. That the record makes no mention of motions or orders made during said trial and is informal, irregular, and insufficient in law and unintelligible in fact.

The district court affirmed the judgment of the justice. The same errors are assigned in this court as in the court below.

Sufficient appears from the justice's transcript to show that the trial was had and verdict returned on May 25, 1887. Several adjournments were had and on May 18 the following entry was made: "Cause continued to May 25, 1887, at 10 o'clock A. M. by consent of parties. Defendant demands a jury. Jury selected as follows: T. H. Fowler, Abram Hammond, John Crawly, F. Bushow, E. Green, and F. P. Laverick. Summons issued and delivered to R. A. Green, constable, requiring said jury to appear May 25, 1887, at 10 o'clock A. M., to which time I adjourned the trial."

Without any further adjournments being noted the record discloses that the parties and the above named jurors appeared, trial was had, and "the jury having heard the testimony and the argument of counsel on the same day agreed upon and returned the following verdict," which is copied into the docket, and judgment immediately follows the verdict. The parties having consented to a continuance to May 25, the jury being summoned to appear on that date, and the parties and jury having appeared, the presumption is that the trial was had on the date to which the cause was last adjourned.

We will pass the second assignment of error with the suggestion that the verdict of the jury is the findings of fact.

It is next urged that the judgment is not sustained by the findings of fact. This objection is doubtless based upon the fact that the justice made a clerical error in entering the verdict upon his docket. It will be observed that the jury found the amount due the plaintiff upon his bill of

particulars, the amount due the defendant upon his set-off, and then assessed the amount of the plaintiff's recovery. The justice in copying the verdict entered $70.72 instead of $78.02 as the amount due from the defendant on the plaintiff's cause of action. This error is not sufficient grounds for reversing the judgment. It clearly appeared from the original verdict, a copy of which is in the record, that $78.02 was the true sum returned by the jury, and deducting the amount assessed as the defendant's set-off, left the sum of $8.02 as the amount of plaintiff's recovery. The judgment was entered upon the real verdict and for the correct amount. The defendant was not in the least prejudiced by the error in transcribing the verdict upon the docket. There is nothing in the record before us to show that the justice ever made any changes in his docket entries of the cause. As to the last assignment of error will say that numerous motions and orders are noted on the transcript, and our attention has not been called to any omissions in that regard. The judgment as rendered is in the usual form, and the entire proceedings before the justice are intelligible and easily understood. The judgment of the district court was clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.